In the Matter of DONALD R. BARRETT, Respondent, v DIANE P. BARRETT, Appellant. [608 NYS2d 971] —Order unanimously reversed on the law without costs and matter remitted to Suffolk County Family Court for further proceedings in accordance with the following Memorandum: The Hearing Examiner failed to set forth the factors it considered when it found that respondent's pro-rata share of the basic child support obligation is unjust or inappropriate (see, Family Ct Act § 413 [1] [g]). Consideration of those factors is mandatory and nonwaivable (Family Ct Act § 413 [1] [g]). We remit the matter, therefore, for findings in accordance with Family Court Act § 413 (1) (g) and a de novo hearing.

We have considered respondent's remaining contentions and find them to be without merit. (Appeal from Order of Suffolk County Family Court, Abrams, J.—Child Support.) Present— Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.

 In the Matter of FREDERICK VASQUEZ, Appellant, v NANCY LUTZ, Also Known as MESSINA, Respondent. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [612 NYS2d 982] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Because the Department of Social Services (DSS) failed to establish its entitlement to arrearages, we modify the order of Family Court to delete the grant of arrearages to DSS and otherwise affirm. DSS argues that the arrearages accumulated under prior orders of Family Court, but it failed to identify those orders at the hearing, nor are those orders in the record that was submitted for our review. We cannot agree with the assertion of DSS that the order appealed from was issued on consent. Because petitioner in his brief does not challenge that portion of the order awarding arrearages to Nancy Lutz, also known as Messina, that portion of Family Court's order is affirmed. (Appeal from Order of Nassau County Family Court, Balkin, J.—Child Support.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.